# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

### ORDER

**SHORT RECORD
NO. 20-1443
FILED 03/19/2020**

March 13, 2020

*By the Court:*

| No. 20-8003 | IN RE:<br>    COMPASS GROUP U.S.A., INC.,<br>    Petitioner |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:19-cv-06622<br>Northern District of Illinois, Eastern Division<br>District Judge Virginia M. Kendall | |

The following are before the court:

1. **PETITION FOR PERMISSION TO APPEAL FROM REMAND ORDER PURSUANT TO 28 U.S.C. § 1453(c)(1)**, filed on February 6, 2020, by counsel for the petitioner.

2. **PLAINTIFF-RESPONDENT'S ANSWER TO PETITION FOR PERMISSION TO APPEAL FROM REMAND ORDER PURSUANT TO 28 U.S.C. § 1453(c)(1)**, filed on February 25, 2020, by counsel for the respondent.

3. **REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL FROM REMAND ORDER PURSUANT TO 28 U.S.C. § 1453(c)(1)**, filed on March 5, 2020, by counsel for the petitioner.

**IT IS ORDERED** that the petition is **GRANTED**. The petitioner immediately shall pay the required docket fees to the clerk of the district court. Fed. R. App. P. 5(d)(1). Once the district court notifies this court that the fees have been paid, the appeal will be entered on this court's general docket. Expedited briefing in that appeal will proceed as follows:

1. The brief and required short appendix of the appellant are due by March 23, 2020.

2. The brief of the appellee is due by April 3, 2020.

3. The reply brief of the appellant, if any, is due by April 10, 2020.

No extensions of time will be granted. Oral argument in this matter will be held on April 24, 2020, at 2 p.m.

CERTIFIED COPY

A True Copy

Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BRYANT, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No.  19 C 6622 |
| v. | ) ) | Judge Virginia M. Kendall |
| COMPASS GROUP USA, INC, | ) ) | |
| *Defendant.* | ) | |

### MEMORANDUM ORDER AND OPINION

Before the Court is Plaintiff's motion to remand (Dkt. 16) this case to the Circuit Court of Cook County for lack of Article III standing. For the reasons set forth below, Plaintiff's motion to remand (Dkt. 16) is granted.

### BACKGROUND

Plaintiff Christine Bryant filed this putative class action in the Chancery Division of Cook County Circuit Court on August 23, 2019. In her complaint (Dkt. 1-1), Plaintiff alleges that Defendant Compass Group USA, Inc. violated Plaintiff's statutory rights under two sections of the Illinois Biometric Information Privacy Act ("BIPA")[1] when Defendant required her to provide a

---

[1] The relevant statute—740 ILCS 14/15—reads as follows:

(a) A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information . . . .

(b) No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

    (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

    (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

1

fingerprint scan prior to purchasing items from Defendant's vending machine. Plaintiff first alleges that Defendant violated § 15(b) of BIPA by collecting Plaintiff's biometric data at one of Defendant's SmartMarket vending machines without obtaining Plaintiff's written consent. (*Id.* at ¶¶ 40–47.) Plaintiff alleges that this fingerprint collection also violated § 15(a) of BIPA because Defendant obtained Plaintiff's fingerprint without establishing a written retention schedule and destruction guidelines for possession of biometric data. (*Id.* at ¶¶ 48–54.) Plaintiff does not allege that Defendant collected Plaintiff's biometric data without Plaintiff's knowledge, shared Plaintiff's data with any third party, or created a risk that Plaintiff's data would fall into the hands of an unauthorized third party.

On October 4, 2019, Defendant filed a notice of removal in this Court. Plaintiff subsequently filed a motion for remand (Dkt. 16), claiming that she lacks standing because she has not alleged an injury-in-fact as required by Article III standing requirements. Defendant opposes remand, arguing that Plaintiff has alleged an injury-in-fact such that Plaintiff has standing to bring this claim in federal court.

## LEGAL STANDARD

Defendant bears the burden in this case of establishing that this Court has jurisdiction. *See Tri-State Water Treatment, Inc. v.* Bauer, 845 F.3d 350, 352–53 (7th Cir. 2017) (explaining that "the party seeking removal . . . bears the burden of establishing federal jurisdiction"). Article III standing is a component of the jurisdictional analysis. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, [Defendant] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal."). For

---

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

2

Defendant to establish that Plaintiff has Article III standing, Defendant must demonstrate that Plaintiff alleges an injury-in-fact that was caused by Defendant and that is redressable by this Court. *See Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) ("The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability.").

For an injury to qualify as an injury-in-fact, it must be "concrete and particularized" and "actual and imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016).[2] For an injury to be concrete, it "must be "'*de facto*'; that is, it must actually exist." *Id.* at 1548 (quoting Black's Law Dictionary 479 (9th ed. 2009). A "bare procedural violation, divorced from any concrete harm" does not qualify as an injury-in-fact. *Id.* at 1549. However, a procedural statutory violation may constitute an injury-in-fact on its own if the legislature has elevated a *de facto* injury that was "previously inadequate in law" "to the status of [a] legally cognizable injur[y]." *Lujan*, 504 U.S. at 578. Nonetheless, a statutory violation only causes an injury that is concrete for Article III standing purposes if it presents an "'appreciable risk of harm' to the underlying concrete interest that [the legislature] sought to protect by enacting the statute." *Groscheck*, 865 F.3d at 887 (quoting *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016).

## ANALYSIS

The question before the Court is whether procedural violations of sections 15(a) and 15(b)—without any allegation of harm stemming from the violations or any distribution of biometric data to third parties—can constitute concrete injuries for Article III standing purposes.

---

[2] For an injury to be particularized, it must affect the plaintiff "'in a personal and individual way.'" *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (quoting *Lujan*, 504 U.S. at 560 n.1). In this case, the parties do not dispute that Plaintiff alleges injuries that are particularized to her. The parties sole dispute for purposes of this motion is whether Plaintiff alleges a concrete injury.

The Seventh Circuit addressed an analogous question in *Miller v. Southwest Airlines Co.*, 926 F.3d 898 (7th Cir. 2019). In that case, union airline workers alleged that their employers required them to use fingerprint identification without following the procedures laid out in sections 15(a) and 15(b) of BIPA. The union workers further alleged that these violations caused them concrete harms or increased the likelihood that they might suffer such harms. Specifically, the workers alleged that their employers may have shared their fingerprint data with outside administrators, which created a "greater risk of disclosure" to "criminals who hack into a computer system." *Miller*, 926 F.3d at 902. The workers also alleged that had they not consented to the fingerprint identification, they faced the "prospect of a material change in [the] terms and conditions of [their] employment. *Id.* These allegations of material harm stemming from BIPA violations gave their claims the "concrete dimension" necessary to establish Article III standing. *Id.*

Several courts in the Northern District of Illinois have ruled on the precise question before this Court and have uniformly held that BIPA procedural violations—without some additional action by the defendant, like surreptitious collection or disclosure to third parties—do not give rise to concrete injuries. In *Colon v. Dynacast*, No. 19 C 4561, 2019 WL 5536834 (N.D. Ill. 2019), Judge Chang granted a motion to remand where the plaintiff had voluntarily given her employer her fingerprint to use for authentication of her timecard entries. The employer did not surreptitiously collect the fingerprint nor did the employer share the data with any third party, but the employer did fail to obtain her written consent or create a data retention policy in violation of §§ 15(a) and 15(b). Because the plaintiff "knew that her data was being collected," however, the defendant's "failure to go through each procedural formality in BIPA did not present 'any appreciable risk of harm to the underlying concrete interest' in privacy, and therefore [p]laintiff has not suffered any injury in fact." *Colon*, 2019 WL 5536834 at *4 (quoting *Groschek*, 865 F.3d

4

at 887). Instead, the court held that the plaintiff alleged nothing more "than a procedural violation of BIPA, which does not confer Article III standing." *Id.* at *4. *See also McGinnis v. Cold Storage*, 382 F. Supp. 3d 813, 818 (N.D. Ill. 2019) (Chang, J.) (holding that "failure to provide and obtain the statutorily required notice or consent when collecting and retaining [plaintiff's] fingerprint— without more—does not constitute a concrete injury for Article III purposes").

In *Aguilar v. Rexnord LLC*, No. 17 C 9019, 2018 WL 3239715 (N.D. Ill. July 3, 2018), Judge Shah held that an employer's collection of fingerprint scans for time entry purposes did not create an appreciable risk of harm to the plaintiff's privacy. While the defendant employer did appear to violate BIPA's written consent requirement, the court held that such a violation did not give rise to a concrete injury because the plaintiff knew that his employer was collecting and storing his fingerprints. *Aguilar*, 2018 WL 3239715, at *3. That collection alone did not give rise to an appreciable risk that the plaintiff's biometric data would be shared with third parties. Several other cases in this district have come to the same conclusion in similar circumstances. *See, e.g.*, *Goings v. UGN, Inc.*, No. 17 C 9340, 2018 WL 2966970 (N.D. Ill. June 13, 2018) (Bucklo, J.) (granting motion to remand where plaintiff knew he provided his biometric data to his employer and where there was no allegation of third party disclosure); *Howe v. Speedway, LLC*, No. 17 C 7303, 2018 WL 2445541 (N.D. Ill. May 31, 2018) (Wood, J.) (finding no injury-in-fact where employer did not obtain written consent nor create a retention and destruction policy before scanning plaintiff's fingerprint but where no additional harm or third party disclosure occurred).

Despite the unanimity among courts within this district, in *Patel v. Facebook*, 932 F.3d 1264 (9th Cir. 2019), the Ninth Circuit Court of Appeals held that violations of § 15(a) and § 15(b) constituted concrete injuries. However, the facts of *Patel* are distinguishable from the instant case as well as the various other cases from this district. In *Patel*, the plaintiffs posted images of

5

themselves to the Facebook platform. Facebook used those images to create user face templates. Facebook then used that template to suggest "tagging" individuals in photos when other users posted photographs that include images that matched that template. Facebook created these user face templates without users providing written consent and without creating a retention or destruction policy. In so doing, Facebook used the plaintiffs' images in ways that the plaintiffs had no reason to anticipate when they uploaded images of themselves to the Facebook platform. Using the plaintiffs' images in this fashion constituted an invasion of their "private affairs and concrete interests." *Patel*, 932 F.3d at 1273.

In the instant matter, Defendant, like the defendants in *Colon* and *Aguilar*, did nothing with Plaintiff's data about which she was not aware. Plaintiff understood when she allowed Defendant to scan her fingerprint that Defendant would use that scan to identify her in the future. Plaintiff, unlike the plaintiffs in *Miller*, does not allege that Defendant shared her biometric information with third parties or created an immediate risk that such data would fall into the hands of third parties. When the plaintiffs in *Patel* uploaded their images to Facebook, by contrast, they had no idea that their images would be used to create a facial-recognition template that Facebook could then use to identify them in images posted by other users. As such, the instant case is readily distinguishable from *Patel*. *See also Colon*, 2019 WL 5536834, at *4 (distinguishing *Patel* on the grounds that *Patel* involved "nonconsensual collection of biometric identifiers for facial recognition technology").

Defendant argues that the Illinois Supreme Court's recent decision in *Rosenbach v. Six Flags Ent. Corp.*, 129 N.E.3d 1197 (Ill. 2019) elevated the alleged injuries in this case to constitute more than more than mere technical statutory violations. In *Rosenbach,* the Illinois Supreme Court held that a plaintiff may qualify as an aggrieved party entitled to relief under BIPA even without

alleging some "actual injury or damage beyond infringement of the rights afforded them under the law." *Rosenbach*, 129 N.E.3d at 1207.

This Court is obligated to follow the Illinois Supreme Court's authoritative interpretation of state law, but Defendant's reliance on *Rosenbach* is inapposite. That case does not establish that a procedural violation of §§ 15(a) and 15(b) constitutes an "'appreciable risk of harm' to the underlying concrete interest that [the legislature] sought to protect by enacting the statute." *Groscheck*, 865 F.3d at 887 (quoting *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016). Nor did *Rosenbach* "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate at law." *Lujan*, 504 U.S. at 578. Instead, *Rosenbach* establishes that it is the policy of the Illinois courts to allow parties to sue under BIPA even if they cannot demonstrate that "they have sustained some compensable injury beyond violation of their statutory rights before they may seek recourse." *Rosenbach*, 129 N.E.3d at 1207. Put differently, it is the State's policy that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person" entitled to relief. *Id.* But it is the policy of the federal courts, by contrast, that a plaintiff must allege an "actual or imminent" injury in order to establish Article III standing. *Spokeo*, 136 S. Ct. at 1548. Had the Illinois Supreme Court instead characterized violations of §§15(a) and (b) as "actual injuries," then this Court would be obliged to construe the procedural violations alleged in the instant case accordingly. However, the Illinois Supreme Court explicitly indicated that BIPA procedural violations are not themselves actual injuries. Because the authoritative interpreter of Illinois law has dictated that procedural violations of §§ 15(a) and (b) are not "actual injuries," Plaintiff has not alleged an injury with a "concrete dimension" as required by *Miller*. Plaintiff—

7

like several plaintiffs who have alleged similar claims before other courts in this district—thus lacks standing to pursue her claims in this Court.

## CONCLUSION

For the reasons set forth above, Defendant has failed to establish that Plaintiff has Article III standing. Plaintiff's motion to remand (Dkt. 16) to the Circuit Court of Cook County is therefore granted. The Clerk of Court is directed to remand the case to the Circuit Court of Cook County forthwith.

Virginia M. Kendall
United States District Judge

Date: January 28, 2020

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.2 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:19-cv-06622

Bryant v. Compass Group USA, Inc.
Assigned to: Honorable Virginia M. Kendall
Case in other court: Clerk of the Circuit Court of Cook County IL.,
    2019CH09818
Cause: 28:1442 Petition for Removal

Date Filed: 10/04/2019
Date Terminated: 01/28/2020
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Christine Bryant**
*on behalf of herself and all other persons*

represented by **Douglas M. Werman**
Werman Salas P.C.
77 West Washington
Suite 1402
Chicago, IL 60602
(312)419-1008
Email: dwerman@flsalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maureen Ann Salas**
Werman Salas P.C.
77 W. Washington
Suite 1402
Chicago, IL 60602
(312) 419-1008
Email: msalas@flsalaw.com
*ATTORNEY TO BE NOTICED*

**Zachary Cole Flowerree**
Werman Salas P.C.
77 W. Washington Street
Suite 1402
Chicago, IL 60602
(312) 419-1008
Email: zflowerree@flsalaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Compass Group USA, Inc.**

represented by **Joseph Clark Wylie , II**
K&L Gates LLP
70 West Madison
Suite 3100
Chicago, IL 60602
(312) 807-4439
Email: joseph.wylie@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenn Brotman**
K&L Gates LLP
70 W. Madison Street
Suite 3100
Chicago, IL 60602
312-807-4277
Email: kenn.brotman@klgates.com

*ATTORNEY TO BE NOTICED*

**Molly K. McGinley**
K&L Gates LLP
70 West Madison
Suite 3100
Chicago, IL 60602
(312) 807-4419
Email: molly.mcginley@klgates.com
*ATTORNEY TO BE NOTICED*

**Paul W. Sweeney , Jr.**
K&L Gates, LLP
10100 Santa Monica Blvd.
Los Angeles, CA 90067
(310) 552-5000
Email: paul.sweeney@klgates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/04/2019 | 1 | NOTICE of Removal from Clerk of the Circuit Court of Cook County Illinois, case number (2019CH09818) filed by Compass Group USA, Inc. Filing fee $ 400, receipt number 0752-16308889. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Wylie, Joseph) (Entered: 10/04/2019) |
| 10/04/2019 | 2 | CIVIL Cover Sheet (Wylie, Joseph) (Entered: 10/04/2019) |
| 10/04/2019 | 3 | ATTORNEY Appearance for Defendant Compass Group USA, Inc. by Joseph Clark Wylie, II (Wylie, Joseph) (Entered: 10/04/2019) |
| 10/04/2019 | 4 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Compass Group USA, Inc. re notice of removal, 1 *Compass Group USA, Inc.'s Corporate Disclosure Statement and Notifications as to Affilates* (Wylie, Joseph) (Entered: 10/04/2019) |
| 10/04/2019 | 5 | NOTICE by Compass Group USA, Inc. re notice of removal, 1 *Notice of Filing of Notice of Removal* (Wylie, Joseph) (Entered: 10/04/2019) |
| 10/04/2019 |   | CASE ASSIGNED to the Honorable Virginia M. Kendall. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (axc, ) (Entered: 10/04/2019) |
| 10/04/2019 | 6 | MOTION by Defendant Compass Group USA, Inc. for extension of time *Agreed*, MOTION by Defendant Compass Group USA, Inc. for extension of time to file answer *to the Class Action Complaint* (Wylie, Joseph) (Entered: 10/04/2019) |
| 10/04/2019 | 7 | ATTORNEY Appearance for Defendant Compass Group USA, Inc. by Molly K. McGinley (McGinley, Molly) (Entered: 10/04/2019) |
| 10/04/2019 | 8 | ATTORNEY Appearance for Defendant Compass Group USA, Inc. by Kenn Brotman (Brotman, Kenn) (Entered: 10/04/2019) |
| 10/07/2019 | 9 | NOTICE of Motion by Joseph Clark Wylie, II for presentment of extension of time, motion for extension of time to file answer 6 before Honorable Virginia M. Kendall on 10/10/2019 at 09:00 PM. (Wylie, Joseph) (Entered: 10/07/2019) |
| 10/07/2019 | 10 | MAILED Notice of Removal Letter to Plaintiff's Counsel, Douglas M. Werman. (jh, ) (Entered: 10/07/2019) |
| 10/07/2019 | 11 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (jh, ) (Entered: 10/07/2019) |

| | | |
|---|---|---|
| 10/08/2019 | 12 | MINUTE entry before the Honorable Virginia M. Kendall. Defendant's Motion for extension of time to respond to the Class Action Complaint 6 is granted. Answer shall be filed by 11/12/2019. Joint Status Report due by 11/20/2019. Initial Status hearing set for 11/25/2019 at 9:00 AM. Motion hearing set for 10/10/2019 is stricken. Mailed notice (lk, ) (Entered: 10/08/2019) |
| 10/08/2019 | 13 | ATTORNEY Appearance for Plaintiff Christine Bryant by Douglas M. Werman (Werman, Douglas) (Entered: 10/08/2019) |
| 10/08/2019 | 14 | ATTORNEY Appearance for Plaintiff Christine Bryant by Maureen Ann Salas (Salas, Maureen) (Entered: 10/08/2019) |
| 10/08/2019 | 15 | ATTORNEY Appearance for Plaintiff Christine Bryant by Zachary Cole Flowerree (Flowerree, Zachary) (Entered: 10/08/2019) |
| 11/01/2019 | 16 | MOTION by Plaintiff Christine Bryant to remand (Flowerree, Zachary) (Entered: 11/01/2019) |
| 11/01/2019 | 17 | MEMORANDUM by Christine Bryant in support of motion to remand 16 (Flowerree, Zachary) (Entered: 11/01/2019) |
| 11/01/2019 | 18 | NOTICE of Motion by Zachary Cole Flowerree for presentment of motion to remand 16 before Honorable Virginia M. Kendall on 11/14/2019 at 09:00 AM. (Flowerree, Zachary) (Entered: 11/01/2019) |
| 11/07/2019 | 19 | MINUTE entry before the Honorable Virginia M. Kendall. Briefing schedule set as to Plaintiff's Motion to Remand 16 . Response due by 11/21/2019. Reply due by 12/2/2019. Status hearing reset for 12/16/2019 at 9:00 AM. Motion hearing set for 11/14/2019 is stricken. Mailed notice (lk, ) (Entered: 11/07/2019) |
| 11/08/2019 | 20 | MOTION by Defendant Compass Group USA, Inc. for extension of time to file response/reply *JOINT MOTION TO MODIFY BRIEFING SCHEDULE* (McGinley, Molly) (Entered: 11/08/2019) |
| 11/08/2019 | 21 | *Notice of Joint Motion* NOTICE of Motion by Molly K. McGinley for presentment of motion for extension of time to file response/reply 20 before Honorable Virginia M. Kendall on 11/21/2019 at 09:00 AM. (McGinley, Molly) (Entered: 11/08/2019) |
| 11/12/2019 | 22 | MINUTE entry before the Honorable Virginia M. Kendall. Parties' Joint Motion to modify briefing schedule on Motion to Remand and for extension of time for Defendant to respond to class action Complaint 20 is granted. Response due by 12/13/2019. Reply due by 12/23/2019. Status hearing reset for 1/13/2020 at 9:00 AM. Answer to class action Complaint shall be stayed pending ruling on Motion to Remand. Motion hearing set for 11/21/2019 is stricken. Mailed notice (lk, ) (Entered: 11/12/2019) |
| 12/09/2019 | 23 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-16512984. (sweeney, Paul) (Entered: 12/09/2019) |
| 12/13/2019 | 24 | MEMORANDUM by Compass Group USA, Inc. in Opposition to motion to remand 16 (McGinley, Molly) (Entered: 12/13/2019) |
| 12/13/2019 | 25 | MINUTE entry before the Honorable Virginia M. Kendall. Attorney Paul W. Sweeney's Motion to appear pro hac vice 23 is granted. Mailed notice (lk, ) (Entered: 12/13/2019) |
| 12/23/2019 | 26 | REPLY by Plaintiff Christine Bryant *in Support of Her Motion to Remand* (Flowerree, Zachary) (Entered: 12/23/2019) |
| 01/08/2020 | 27 | STATUS Report *(Joint and Initial)* by Christine Bryant (Flowerree, Zachary) (Entered: 01/08/2020) |
| 01/10/2020 | 28 | MINUTE entry before the Honorable Virginia M. Kendall. On the Court's own Motion, Status hearing set for 1/13/2020 is reset for 1/27/2020 at 9:00 AM. Mailed notice (lk, ) (Entered: 01/10/2020) |
| 01/27/2020 | 29 | MINUTE entry before the Honorable Virginia M. Kendall. Status hearing held on 1/27/2020. The Court orally addressed the Motion to Remand 16 on the record in open Court indicating a written Opinion is forthcoming. Mailed notice (lk, ) (Entered: 01/28/2020) |
| 01/28/2020 | 30 | MEMORANDUM Opinion and Order signed by the Honorable Virginia M. Kendall on 1/28/2020. Plaintiff's Motion to Remand 16 to the Circuit Court of Cook County is granted. The Clerk of Court is directed to remand the case to the Circuit Court of Cook County forthwith. Civil case terminated. Mailed notice(lk, ) (Entered: 01/28/2020) |
| 03/13/2020 | 31 | CERTIFIED Copy of Order dated 3/13/2020 from the 7th Circuit; IT IS ORDERED that the petition is GRANTED. The petitioner immediately shall pay the required docket fees to the clerk of the district court. Fed. R. App. P. 5(d)(1). Once the district court notifies this court that the fees have been paid, the appeal will be entered on this court's general docket. Expedited briefing in that appeal will proceed as follows: 1. The brief and required short appendix of the appellant are due by March 23, 2020. 2. The brief of the appellee is due by April 3, 2020. 3. The reply brief of the appellant, if any, is due by April 10, 2020. No extensions of time will be granted. Oral argument in |

this matter will be held on April 24, 2020, at 2 p.m. (jh, ) (Entered: 03/13/2020)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/19/2020 11:30:29 | | | |
| PACER Login: | us4852us:5699723:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:19-cv-06622 |
| Billable Pages: | 4 | Cost: | 0.40 |
| Exempt flag: | Exempt | Exempt reason: | Always |

PACER fee: Exempt